# United States Court of Appeals
# for the Fifth Circuit

-----------------

No. 22-10657
Summary Calendar

-----------------

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Guadalupe Romero Torres,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-15-1

_____

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jose Guadalupe Romero Torres appeals his conviction and 42-month sentence for illegal reentry after having been previously removed. He argues that it is a violation of the Sixth Amendment's Notice Clause to treat a prior conviction that increases the statutory maximum under 8 U.S.C. § 1326(b) as a sentencing factor, rather than as an element of the offense. Romero

-----------------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10657

Torres concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Romero Torres concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.